# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE MUELLER, an individual, | CASE NO. 12cv0074 WQH-BLM |
| Plaintiff, | ORDER |
| vs. | |
| BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., as trustee for the Certificate holders of Banc of America Mortgage Securities, Inc., Mortgage Pass-Through Certificates, Series2004-C; and Does 1–10, inclusive, | |
| Defendants. | |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss filed by Defendants Bank of America, N.A. and Wells Fargo Bank, N.A. (ECF No. 14).

## BACKGROUND

    On January 10, 2012, Plaintiff initiated this action by filing a complaint. (ECF No. 1). On March 9, 2012, Plaintiff filed a First Amended Complaint ("Complaint"). (ECF No. 12). In the Complaint, Plaintiff asserts the following nine causes of action against Defendants: (1) declaratory relief to determine the status of Defendants' claims to Plaintiff's property, (2) negligence against Bank of America, (3) negligent infliction of emotional distress against Bank of America, (4) violation of 15 U.S.C. § 1641(g) of the Truth in Lending Act ("TILA") against Wells Fargo, (5) violation of 12 U.S.C. § 2605 of the Real Estate Settlement Practices Act ("RESPA") against Bank of America, (6) violation of California Business and Professional

Code § 17200, et seq. against Bank of America and Wells Fargo, (7) breach of contract against Bank of America and Wells Fargo, (8) breach of the implied covenant of good faith and fair dealing against Bank of America and Wells Fargo, and (9) violation of California Civil Code §§ 2923.5 and 2924 against Bank of America and Wells Fargo.

On March 26, 2012, Defendants Bank of America and Wells Fargo filed a Motion to Dismiss. (ECF No. 14). On April 19, 2012, Plaintiff filed an Opposition. (ECF No. 16-1).

## I.     Allegations of the Complaint

On February 5, 2004, Janice and Gary Mueller executed a Note and Deed of Trust in favor of Bank of America in the amount of $770,000 secured by a deed of trust for real property located at 1544 Rancho Encinitas Drive, Encinitas, California 92024.  Until July 2010, Plaintiff made timely mortgage payments on the property.

In March 2010, Plaintiff and her husband commenced contentious divorce proceedings. In June 2010, Plaintiff anticipated that she would not be able to make her mortgage payments. Plaintiff contacted Bank of America Servicing to discuss options for a loan modification. Plaintiff was told by Bank of America representatives that she could apply for a "special forbearance program for victims of domestic abuse." (ECF No. 12 at 8). In July 2010, as anticipated, Plaintiff was unable to make payments on the mortgage and stopped.

On September 29, 2011, Bank of America executed an Assignment of the Deed of Trust to Wells Fargo Bank, N.A. and a Substitution of the Trustee of the Deed of Trust to ReconTrust Company, N.A. (Complaint Exh. C, D; ECF No. 12-3, 12-4). On September 29, 2011, ReconTrust recorded a Notice of Default on the property on behalf of the beneficiary. (Complaint Exh. E; ECF No. 12-5). The Assignment, Substitution, and Notice of Default are invalid.  No legal transfer ever occurred because the documents were all signed by "a 'robo-signer' - an individual who simply signs thousands of foreclosure documents on behalf of several entities without any personal knowledge or corporate authority." *Id.* at 14.

Between June 2010 and November 2011, Plaintiff engaged in exhaustive efforts with Bank of America in an attempt to apply for the special forbearance program and to obtain information relating to the Wells Fargo transfer.  Plaintiff submitted numerous loan

modification applications, financial documents, and banks statements to Bank of America. Bank of America representatives provided contradictory information to Plaintiff, transferred her among numerous representatives, and claimed to have lost or to have never received her application materials.

On December 15, 2011, Plaintiff sent Bank of America a Qualified Written Request ("QWR") to verify and validate her debt. Bank of America failed to acknowledge receipt of Plaintiff's QWR and has yet to substantively respond to the QWR. Plaintiff does not dispute that she owes money on the mortgage, but disputes the amount owed and seeks the Court's assistance in determining the true creditor.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**DISCUSSION**

**I.   Negligence and Negligent Infliction of Emotional Distress**

Plaintiff alleges that "BOA Servicing, as the purported mortgage servicer, has a duty to exercise reasonable care and skill with regard to engaging Plaintiff in loan modification and special forbearance negotiations and handling Plaintiff's forbearance and loan modification applications with reasonable care...." (ECF No. 12 at 20). Plaintiff alleges that "BOA Servicing breached their duty when it repeatedly mismanaged Plaintiff's loan assistance applications, repeatedly requested Plaintiff resubmit identical documents, failed to handle and maintain each of her documents with reasonable care, and expressed to Plaintiff that she would qualify for forbearance and other foreclosure assistance programs." *Id.* at 21. Plaintiff alleges that "BOA Servicing went beyond its conventional role as Plaintiff's purported mortgage servicer to offer Plaintiff an opportunity for a special forbearance and to modify her Loan.... BOA Servicing actively participated in special forbearance and loan modification negotiations and efforts giving rise to a duty owed to Plaintiff." *Id.* Plaintiff alleges that, "[a]s a result of the acts of BOA Servicing, Plaintiff suffered, and continues to suffer from extreme anxiety, loss of sleep, loss of appetite, and other psychological and emotional issues." *Id.* at 22.

Defendants contend that lenders and loan servicers owe no duty in processing loans or making representations regarding loan modifications. Defendants contend that Plaintiff fails to allege a tort duty of care owed by Defendants, as required for a negligence claim. Defendants contend that California law does not recognize a negligent infliction of emotional distress claim without the successful pleading of a negligence claim.

Plaintiff contends that Bank of America stepped out of its role of a silent lender when it offered to review Plaintiff for a loan modification and that Bank of America had a duty to process Plaintiff's loan modification application.

"Under California law, the elements of a claim for negligence are '(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury.'" *Walters v. Fidelity Mortg. of CA*, 730 F.Supp.2d 1185, 1205 -1206 (E.D. Cal. 2010) quoting *Ladd v. County of San Mateo,* 12 Cal.4th 913, 917 (1996). "The

1 existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing
2 a claim for negligence." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089,
3 1095 (1991) (citation omitted).  In California, "[t]he '*negligent* causing of emotional distress
4 is not an independent tort but the tort of *negligence,* involving the usual duty and causation
5 issues.'" *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc*., 129
6 Cal.App.4th 1228, 1264 (2005) (quotations omitted) (emphasis in original).

7 "[A]s a general rule, a financial institution owes no duty of care to a borrower when the
8 institution's involvement in the loan transaction does not exceed the scope of its conventional
9 role as a mere lender of money."  *Nymark*, 231 Cal. App. 3d at 1096 (citation omitted).
10 "Liability to a borrower for negligence arises only when the lender actively participates in the
11 financed enterprise beyond the domain of the usual money lender."  *Id*. (quotations omitted).
12 There is no statutory duty in California for lenders to agree to a mortgage loan modification.
13 *Hamilton v. Greenwich Investors XXVI, LLC,* 195 Cal.App.4th 1602, 1617 (2011) *citing*
14 *Mabry v. Superior Court*, 185 Cal.App.4th 208, 222-23 (2010) (the relevant California statute
15 "merely expresses the hope that lenders will offer loan modifications on certain terms"; the
16 statute "conspicuously does not require lenders to take any action."); *see also Sullivan v. JP*
17 *Morgan Chase Bank, NA*, 725 F.Supp.2d 1087, 1094 (E.D. Cal. 2010) (allegations that a lender
18 has misrepresented that loan modifications would be made are insufficient to form the basis
19 of a negligence claim).

20 In this case, Plaintiff alleges that Bank of America mishandled and misinformed her
21 about loan modification opportunities with Bank of America.  The Court finds that these
22 allegations are insufficient to form the basis of a negligence claim because Bank of America
23 had no duty to provide any loan modification to Plaintiff and Bank of America did "not exceed
24 the scope of its conventional role as a mere lender of money" by discussing loan modification
25 opportunities with Plaintiff.  *Nymark*, 231 Cal. App. 3d at 1096.  Plaintiff fails to allege
26 sufficient facts to show that a tort duty of care existed between Plaintiff and Bank of America,
27 and fails to plead sufficient facts to show that Plaintiff is entitled to relief on a claim for
28 negligence or negligent infliction of emotional distress.  Plaintiff's second cause of action for

negligence and third cause of action for negligent infliction of emotional distress are dismissed.

**II.    Violation of TILA 15 U.S.C. § 1641(g)**

Plaintiff alleges that Walls Fargo violated 15 U.S.C. § 1641(g) because Wells Fargo "did not provide Plaintiff with written notice within 30 days after the date on which they were allegedly assigned the Mortgage." (ECF No. 12 at 24). Plaintiff alleges that she "never received any notice indicating the exact date of the purported Assignment of the interest in her Note.... how to reach an agent or party having authority to act on Wells Fargo Trustee's behalf.... the location of the place where transfer of ownership of the debt is recorded.... [or] any other relevant information regarding the new creditor...." *Id.* at 24-25.

Defendants contend that Plaintiff received the necessary information relating to the assignment to Wells Fargo on the Assignment and Notice of Default dated September 29, 2011. Plaintiff contends that the information necessary under TILA was not conveyed in the Assignment and Notice of Default.

15 U.S.C. § 1641(g) provides that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." 15 U.S.C. § 1641(g). A creditor that fails to comply with any requirement imposed under § 1641(g)(1) faces liability for "any actual damage sustained by such a person as a result of the failure." 15 U.S.C. § 1640(a)(1).

The September 29, 2011 Assignment, attached to the Complaint, provides notice of the date of the transfer and the location where the transfer is recorded. The September 29, 2011 Notice of Default, attached to the Complaint, provides the identity, address, and telephone number of the new creditor and information regarding how to reach an agent or party with authority to act on behalf of the new creditor. Plaintiff fails to allege facts sufficient to show

1 that the Assignment or Notice of Default was insufficient or that Defendant Wells Fargo
2 violated 15 U.S.C. § 1641(g). Plaintiff's fourth cause of action for a violation of 15 U.S.C. §
3 1641(g) is dismissed.

**III.    Violation of RESPA 12 U.S.C. § 2605**

Plaintiff alleges that she sent Bank of America Servicing a Qualified Written Request ("QWR") on December 15, 2011. "The QWR... contained requests for information of the Loan, specifically the identity and contact information of the creditor of Plaintiff's Note, a complete loan history, accumulated late fees and charges, and requested information to verify the validity of the purported debt owed to Wells Fargo Trustee." (ECF No. 12 at 26). Plaintiff alleges that "BOA Servicing did not acknowledge the receipt of Plaintiff's QWR... and has yet to substantively respond." (ECF No. 12 at 26). Plaintiff alleges that her "actual pecuniary damages include, but are not limited to, the over calculation and overpayment of interest on Plaintiff's Loan, the costs of repairing Plaintiff's credit, the reduction and/or elimination of Plaintiff's credit limits, costs associated with removing the cloud on her Property title and setting aside the trustee's sale, and attorneys' fees and costs...." *Id.* at 27.

Defendants contend that the QWR does not request information relating to the servicing of Plaintiff's loan. Defendants contend that Plaintiff fails to allege sufficient pecuniary damages as a result of Bank of America's alleged failure to respond to the QWR.

Plaintiff contends that the December 15, 2011 letter was a proper QWR because it contained a statement of the reasons Plaintiff thought the account was in error and sought the identity of the creditor, accumulated fees and charges, and a complete loan transaction history.

Section 2605 of RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A qualified written request is "a written correspondence, ... that– (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief

of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).

"Not all requests that relate to the loan are related to the *servicing* of the loan." *Williams v. Wells Fargo, N.A.*, No. C 10-00399, 2010 WL 1463521, at *3 (N.D. Cal. April 13, 2010) (citations omitted). A loan servicer only has a duty to respond if the information request is related to loan servicing. *See, e.g.*, *id.*; *Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1043 (E.D.Cal. 2009). If a loan servicer fails to comply with the provisions of § 2605, a borrower shall be entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605]." 12 U.S.C. § 2605(f)(1).

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Washington Mutual Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439 at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Services, Inc.*, Case No. Civ. 2:09-1916 WBS GGH, 2009 WL 4505925 at * 3 (E.D. Cal. Nov. 20, 2009) (citation omitted). A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) ("[T]he loss alleged must be related to the RESPA violation itself."); *Torres v. Wells Fargo Home Mortg., Inc.*, No. C 10-04761 CW, 2011 WL 11506 at *8 (N.D. Cal. Jan. 4, 2011) ("The plaintiff must also allege a causal relationship between the alleged damages and the RESPA violation.").

///

Plaintiff's December 15, 2011 letter requests general information regarding the status

and validity of the loan, such as "a true and present copy of the promissory note and deed of trust... a complete life of loan transaction history... copies of all collection notes and communication files... [and all] screen shots of all system accounts... associated with the loan." (ECF No. 12-7 at 2-3). Plaintiff fails to allege facts to show that the letter she sent to Bank of America on December 15, 2011 "related to the servicing of the loan." *Williams*, 2010 WL 1463521, at *3. Plaintiff further fails to plead non-conclusory factual allegations indicating how she was damaged by the alleged failure of Bank of America to respond to the QWR. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default).").

Plaintiff fails to allege facts to show that the failure of Bank of America to comply with RESPA, as opposed to Plaintiff's default, plausibly caused the damages alleged in the Complaint. *Cf. Lawther v. OneWest Bank*, No. C-10-54, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) (granting motion to dismiss RESPA claim for failure to adequately allege actual damages because "[w]hat remains unexplained ... is how the QWR failure itself is causally connected to the claimed distress of Lawther or his family"). Plaintiff has failed to allege sufficient facts to support a claim for damages under RESPA. Plaintiff's fifth cause of action for a violation of RESPA is dismissed.

**IV.    Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff alleges: "If the Court finds that Wells Fargo Trustee is a successor in interest to the Deed of Trust pursuant to the terms of the Deed of Trust, Plaintiff alleges that Wells Fargo Trustee breached the Deed of Trust by improperly crediting and debiting their account." (ECF No. 12 at 33). Plaintiff alleges that "Plaintiff substantially performed all of her conditions in the Deed of Trust.... Defendant Wells Fargo Trustee breached the Deed of Trust by failing to apply the payments made by Plaintiff in the order of priority set forth in [the

1  Deed], and this resulted in improper fees and taxes being added to the balance of the Loan."
2  *Id.* "Plaintiff alleges that Defendants Wells Fargo Trustee breached the implied promise of
3  good faith and fair dealing by making it impossible for Plaintiff to carry out her obligations
4  under the contract because of the improperly applied payments and addition of interest and
5  improper fees to her account." *Id.* at 34.

6  Defendants contend that Plaintiff fails to allege sufficient facts to show that Defendants
7  improperly charged and taxed Plaintiff's account. Defendants contend that Plaintiff fails to
8  allege a breach of contract claim because Plaintiff herself failed to perform under the deed of
9  trust when she defaulted on her mortgage payments. Defendants contend that Plaintiff alleged
10 no special relationship that would permit a claim for tortious breach of the implied covenant
11 of good faith and fair dealing under California law.

12 Plaintiff contends that Defendant Wells Fargo misapplied payments before Plaintiff
13 defaulted on the loan and before Plaintiff breached her performance on that contract.

14 "The essential elements of a breach of contract claim are: (1) the contract, (2) plaintiff's
15 performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting
16 damages to plaintiff." *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal.App.4th 1602,
17 1614 (2011) (quotations omitted). "It is elementary that one party to a contract cannot compel
18 another to perform while he himself is in default." *Durell v. Sharp Healthcare,* 183
19 Cal.App.4th 1350, 1367 (2010) (quotations omitted).

20 Under California law, "[t]he covenant of good faith and fair dealing, implied by law in
21 every contract, exists merely to prevent one contracting party from unfairly frustrating the
22 other party's right to receive the benefits of the agreement actually made. The covenant thus
23 cannot be endowed with an existence independent of its contractual underpinnings. It cannot
24 impose substantive duties or limits on the contracting parties beyond those incorporated in the
25 specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000)
26 (quotation omitted). "[T]he implied covenant is limited to assuring compliance with the
27 express terms of the contract, and cannot be extended to create obligations not contemplated
28 in the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th

1026, 1032 (1992). Moreover, "tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal. App. 4th 1358, 1370 (1999).

Plaintiff's allegations that Wells Fargo improperly credited and debited her account are conclusory and lack any factual support. Plaintiff fails to identify the manner in which Wells Fargo misapplied payments or how that misapplication "resulted in improper fees and taxes being added to the balance of the Loan." (ECF No. 12 at 33). There are no facts in the Complaint to support that there is "a special relationship between the contracting parties" in this case. *Bionghi*, 70 Cal. App. 4th at 1370; *see also Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such."); *Mitsui Mfrs. Bank v. Super. Ct.*, 212 Cal. App. 3d 726, 729 (1989) ("reject[ing] [the] argument that [the covenant] ... should encompass normal commercial banking transactions"). Plaintiff has failed to allege sufficient facts to support a claim for breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff's seventh cause of action for breach of contract and eighth cause of action for breach of the covenant of good faith and fair dealing are dismissed.

**V.   Violation of California Civil Code §§ 2923.5 and 2924**

Plaintiff alleges that "Defendants had a duty to comply with the foreclosure avoidance and workout plan requirements of Civil Code section 2923.5." (ECF No. 12 at 36). Plaintiff alleges that Defendants "failed and refused to: (1) evaluate Plaintiff's financial condition regarding foreclosure avoidance; (2) advise Plaintiff of her statutory right to meet with Defendant regarding such foreclosure avoidance; and (3) advise Plaintiff of the toll-free federal Department of Housing and Urban Development ("HDD") telephone number regarding counseling opportunities to avoid the subject foreclosure." *Id.* at 38. Plaintiff alleges that Defendants "failed to give proper notice of the Notice of Default, which was apparently recorded on or about October 3, 2011.... Said failures are in direct violation of the notice and recording requirements set forth in California Civil Code section 2923.5." *Id.* at 37. Plaintiff

alleges that she "spent hundreds of hours with BOA Servicing to explore options to avoid foreclosure" and that " BOA Servicing actively participated in special forbearance and loan modification negotiations...." *Id.* at 21, 37.

Defendants contend that the Notice of Default was proper and that alternatives to foreclosure were provided to Plaintiff. Plaintiff contends that proper notice was never given.

California Civil Code § 2924(a)(1) provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the non-judicial foreclosure process by recording and serving a notice of default. In this case, the September 29, 2010 Notice of Default, attached to the Complaint, plainly states that ReconTrust commenced the foreclosure process by recording the Notice of Default acting as an agent for the beneficiary, in compliance with § 2924(a)(1).

California Civil Code § 2923.5 provides that "[a] mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default ... until 30 days after" the "mortgagee, beneficiary, or authorized agent ... contact[s] the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(1), (2).  In this case, Plaintiff alleges in the Complaint that she spent "hundreds of hours" engaged in foreclosure negotiations with Bank of America starting as early as June 2010. Plaintiff alleges that she actively participated with Bank of America in "special forbearance and loan modification negotiations." (ECF No. 12 at 21, 37). Plaintiff's allegations in the Complaint reflect extensive negotiations with Defendants regarding Plaintiff's financial situations and foreclosure options. *See Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 877 (N.D.Cal. 2010) (dismissing § 2923.5 claim because plaintiffs' allegation of loan modification talks negated a claim that § 2923.5 was violated).

Plaintiff fails to allege sufficient facts to show that Defendants violated Cal. Civil Code §§ 2923.5 and 2924. Plaintiff's ninth cause of action for violation of Cal. Civil Code §§ 2923.5 and 2924 is dismissed.

**VI.   Declaratory Relief**

Plaintiff alleges that the "purported Assignment has no value" because it was signed by an employee without proper authority who did not review Plaintiff's loan file before executing the Assignment. (ECF No. 12 at 18). Plaintiff alleges that she does not know the proper creditor on her loan and Wells Fargo lacks authority to enact foreclosure proceedings on the property. Plaintiff's cause of action for declaratory relief "requests that the Court make a finding and issue appropriate orders stating that none of the named Defendants or Doe Defendants, have any right or interest in Plaintiff s Note, Deed of Trust, or the Property which authorizes them, in fact or as a matter of law, to collect Plaintiffs mortgage payments or enforce the terms of the Note or Deed of Trust in any manner...." (ECF No. 12 at 19).

Defendants contend that they are not required to show authorization to foreclose upon the property and that Plaintiff lacks standing to challenge the transfer to Wells Fargo. Plaintiff contends that she has alleged a substantial controversy between the parties regarding the property that warrants declaratory relief from the Court.

"A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court." *Browning v. Aymard*, 224 Cal. App. 2d 277, 280 (1964). "It is not essential, to entitle a plaintiff to seek declaratory relief, that he should establish his right to a favorable declaration." *Id.*; *see also Shepherd v. Paul A. Hauser, Inc*., 138 Cal. App. 384, 387-88 (1934).

Under California law, a plaintiff has no right to bring suit to determine whether an entity initiating foreclosure is authorized to do so. *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1154–55 (2011) (explaining that California's "comprehensive" statutory scheme governing nonjudicial foreclosure provides "no grounds for implying such an action"). A plaintiff may be able to bring suit when the complaint alleges a "specific factual basis for alleging" that foreclosure is unlawful but this basis must be supported by more than a bare assertion. *See id.* at 1155.

///

In this case, Plaintiff alleges that an actual controversy exists as to the legal rights and

duties of the parties regarding the loans on certain real property. Plaintiff has not identified the factual basis of the controversy. Plaintiff makes conclusory allegations that she does not believe that Defendants have any rights to the property. However, Plaintiff fails to allege "more than labels and conclusions." *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's first cause of action for declaratory relief is dismissed.

### VII. Sixth Cause of Action: Violation of Cal. Bus. and Prof. Code § 17200, et seq.

Plaintiff alleges that "Defendants have engaged in unfair, unlawful, and fraudulent business practices in the State of California" in violation of California Business and Professions Code § 17200, et seq. (ECF No. 12 at 28).

Defendants contend that Plaintiff fails to state a claim for violation under any other claim as required by the statute. Plaintiff contends that Defendants wrongfully collected payments from Plaintiff, violated RESPA and TILA, and attempted to collect on the mortgage under false pretenses. Plaintiff contends that such conduct forms the basis for a claim under California Business and Professions Code § 17200.

California law prohibits unfair competition, defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quoting Cal. Bus. & Prof. Code § 17200). "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200." *Durell,* 183 Cal.App.4th at 1361 (quotations omitted).

Plaintiff has failed to allege any "unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 180. Plaintiff fails to allege sufficient facts to support a claim for violation of California's Business and Professions Code section 17200. Plaintiff's sixth cause of action for violation of California's Business and Professions Code section 17200 is dismissed.

### CONCLUSION

The Motion to Dismiss filed by Defendants (ECF No. 14) is GRANTED. Plaintiff may file a motion for leave to file an amended complaint, accompanied by the proposed amended complaint, no later than twenty (20) days from the date of this Order.

DATED: August 1, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge